OPINION
Defendant, Michael Norvett, was indicted under five separate case numbers on four counts of possession of cocaine, two counts of possession of heroin, and two counts of receiving stolen property. Pursuant to a plea agreement, defendant ultimately entered guilty pleas to two counts of possession of cocaine, one count of possession of heroin, one count of receiving stolen property, all fifth degree felonies, and two counts of disorderly conduct, both fourth degree misdemeanors. Thereafter, the trial court scheduled sentencing for March 21, 2001. Defendant failed to appear for sentencing, and the trial court rescheduled the hearing for April 18, 2001. Defendant appeared at the rescheduled hearing, and the trial court sentenced him to an eleven-month term of imprisonment on each of the felony counts and to a thirty-day jail term on each of the misdemeanor counts. The court ordered three of the felony sentences to run consecutively, for an aggregate prison sentence of thirty-three months.
On April 19, 2001, the trial court journalized entries memorializing its sentencing decisions. Defendant filed a timely appeal from the trial court's judgments. On June 12, 2001, this court sua sponte consolidated the cases for purposes of record filing, briefing, and oral argument. Defendant assigns a single assignment of error for our review:
 The trial court erred and abused its discretion by sentencing defendant-appellant to serve consecutive prison terms.
Defendant first challenges the trial court's imposition of consecutive sentences. Specifically, defendant contends that the trial court imposed consecutive sentences without making the necessary findings in violation of R.C. 2929.14(E) and that the sentences exceed, in the aggregate, the maximum term for the most serious offense of which defendant was convicted.
We note initially that a trial court has broad discretion when sentencing within the statutory limits provided. State v. Haines (Oct. 29, 1998), Franklin App. No. 98AP-195, unreported. A reviewing court may not disturb a sentence imposed by a trial court unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Id.
Pursuant to R.C. 2929.14(E)(4), the court may impose consecutive sentences for conviction of multiple offenses if the court finds that consecutive sentences are necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 (a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 (b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
Furthermore, when a trial court imposes consecutive sentences under R.C.2929.14, it must also comply with R.C. 2929.19(B)(2)(c) which requires that the sentencing court "make a finding that gives its reasons for selecting the sentences imposed * * * ." The requirement that a court give its reasons for selecting consecutive sentences is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). State v. Rich (Oct. 30, 2001), Pickaway App. No. 00CA46, unreported. Thus, after the court has made the required findings under R.C. 2929.14, it must then justify those findings by identifying specific reasons supporting the imposition of consecutive prison terms. Id.; see, also, State v. Hurst (Mar. 7, 2000), Franklin App. No. 98AP-1549, unreported. A trial court's failure to sufficiently state its findings and reasons requires remand for resentencing. State v. Steele (June 28, 2001), Franklin App. No. 00AP-499, unreported.
At the sentencing hearing, the trial court stated:
 * * * [F]or the record, the Court is sentencing consecutively for the following reasons: These crimes were committed — the Court has five cases before it at this point, all of them involving similar behavior. The crimes were committed while the Defendant was awaiting trial on some of these cases and was under sanction or under bond at the time. The harm is so great that a single term doesn't adequately reflect the seriousness of the multiple similar offenses. And the Defendant's criminal history shows that consecutive terms are needed to protect both him and the public from himself with respect to his drug addiction at this point. And he failed to appear for trial — or for sentencing. And the Court believes that a consecutive sentence is appropriate for that, notwithstanding the fact that the legislature decided to leave that one out of the list of reasons that they would cite for consecutive sentencing in the statute, in any event. [Tr. 7-8.]
As evidenced by this excerpt, the trial court expressly found under the unlettered provisions of R.C. 2929.14(E)(4) that consecutive sentences were necessary to protect the public from future crime. The court did not find, however, that consecutive sentences were not disproportionate to the seriousness of defendant's conduct and to the danger defendant poses to the public. The court further found, under R.C. 2929.14(E)(4)(a), that defendant committed the multiple offenses while "awaiting trial * * * and was under sanction or bond." Defendant contends that this finding is erroneous for two reasons: "the trial date had passed, and a new date had not be scheduled"; and "R.C. 2929.14(E)(4)(a) does not even include a consideration for offenders who are under bond." (Appellant's reply brief at 4.) We need not address defendant's contention, however, because the trial court also found, pursuant to R.C. 2929.14(E)(4)(b) and (c), respectively, that no single prison term would adequately reflect the seriousness of defendant's conduct and that defendant's criminal history demonstrated that consecutive terms were necessary to protect the public from future crime by defendant.
Having determined, however, that the trial court did not make the necessary findings under the unlettered provisions of R.C. 2929.14(E), the matter must be remanded for resentencing. Furthermore, until the trial court makes the required findings, we need not address whether the trial court sufficiently justified its findings by identifying specific reasons supporting the imposition of consecutive sentences or whether the record would support such reasons. State v. Wolford (Dec. 28, 2000), Franklin App. No. 00AP-378, unreported.
However, since the matter must be returned to the trial court for resentencing, we are compelled to comment upon a contention raised by defendant in his reply brief and addressed by both defendant and the state at oral argument. The guilty plea forms completed by defendant relevant to the felony charges establish that the prosecution and defense counsel jointly recommended to the court that defendant be sentenced to "8 months work release, 4 yrs. probation with drug treatment." The trial court's judgment entries reiterate this recommendation. At the rescheduled sentencing hearing on April 18, 2001, the trial court imposed consecutive sentences totaling thirty-three months in prison. In so doing, the trial court expressly noted that it based its decision to impose consecutive sentences, in part, on the fact that defendant failed to appear at the original sentencing hearing on March 21, 2001. In State v. Stone (Feb. 26, 1999), Hamilton App. No. C-980382, unreported, the Hamilton County Court of Appeals held that, under current sentencing guidelines, a trial court is not permitted to enhance a sentence as a punishment for a defendant's failure to appear for sentencing. Id., citing State v. Johnson (Oct. 23, 1998), Hamilton App. No. C-980013, unreported. The court explained:
 Although this court understands the trial court's action, and finds nothing logically objectionable, we must follow the legislative guidelines. Under those guidelines, the sentence here was improper because Stone's failure to appear should not have been factored into the court's decision to impose consecutive sentences or into its decision regarding the length of Stone's sentence in general. As it is not directly presented here, we leave for another day the effect of the original plea bargain, and its seeming breach by Stone by his nonappearance.
Applying Stone to the instant case, we conclude that on remand, the trial court may not consider defendant's failure to appear at the original sentencing hearing in deciding whether to impose consecutive sentences.
Defendant next argues that pursuant to R.C. 2953.08(C), the imposition of consecutive sentences was improper because it exceeds the maximum prison term of twelve months allowed for a fifth degree felony. Given our determination that the case must be remanded to the trial court for resentencing, defendant's contention is moot. However, we note that this court has held that nothing in R.C. 2953.08(C) prevents the trial court from imposing consecutive sentences even if the consecutive sentences exceed the maximum prison term allowed by R.C. 2929.14(A) for the most serious offense for which the defendant was convicted. State v. Harper (Dec. 21, 2000), Franklin App. No. 00AP-23, unreported; State v. Drake (Dec. 28, 1999), Franklin App. No. 99AP-394, unreported.
Finally, although not specifically assigned as error, defendant appears to challenge the trial court's imposition of a prison sentence rather than community control sanctions. Upon review of the record, we find that the trial court fully complied with the mandates of R.C. Chapter 2929 in this aspect of sentencing.
R.C. 2929.13(B) governs a trial court's imposition of a prison sentence upon an offender who commits a fifth degree felony. Pursuant to R.C.2929.12(B)(2)(a), the court is first required to determine whether any of nine factors specified in R.C. 2929.13(B)(1) apply to the case before it. R.C. 2929.13(B)(2)(a) further requires that if the court makes a finding that at least one of the R.C. 2929.13(B)(1) factors is applicable, and if the court, after considering the factors specified in R.C. 2929.12 with regard to the seriousness of the offense and the recidivist nature of the offender, finds that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11
and finds that the offender is not amenable to an available community control sanction, "the court shall impose a prison term upon the offender."
Further, when imposing a prison term for a fifth degree felony, R.C.2929.19(B)(2)(a) specifically requires that the court "shall make a finding that gives its reasons for selecting the sentence imposed," and that the court's reasons for imposing the prison term, as reflected in its finding, be "based upon the overriding purposes and principles of felony sentencing set forth in section 2929.11 of the Revised Code and any factors listed in divisions (B)(1)(a) to (i) of section 2929.13 of the Revised Code that it found to apply relative to the offender."
In this case, the court specifically found two of the R.C. 2929.13(B)(1) factors applicable: (1) that defendant previously served a prison term (R.C. 2929.13[B][1][g]); and (2) that defendant committed the offenses while under a community control sanction, while on probation, or while released from custody on a bond or personal recognizance (R.C.2929.13[B][1][h]). Further, the record reveals that the trial court considered the factors set forth in R.C. 2929.12. At the sentencing hearing, the trial court categorized the offenses committed by defendant as "less serious," but found that recidivism was likely because defendant committed some of the offenses while out on bond prior to trial, had an extensive criminal history, failed to respond favorably in the past to probation or parole and failed to timely acknowledge his drug problem. In addition, the trial court specifically found that a prison term would be consistent with the purposes and principles set forth in R.C. 2929.11 and that defendant was not amenable to available community control sanctions.
Defendant contends that the trial court did not sufficiently state reasons to support its finding that defendant was not amenable to available community control sanctions. We disagree. As noted previously, the court stated that defendant had committed multiple offenses while out on bail prior to trial. The record fully supports such a finding. Further, the trial court made several references to defendant's extensive criminal history. The presentence investigation ("PSI") report reflects prior convictions dating back to 1983 for, inter alia, receiving stolen property, attempted robbery, theft, aggravated trafficking, possession of hallucinogens, drug abuse, possession of cocaine, and possession of heroin.
In addition, the trial court noted that defendant had not responded favorably in the past to probation or parole. The PSI report clearly supports this finding, as it contains information that defendant violated the conditions of his parole. Finally, the court referred to the fact that defendant had failed to timely acknowledge his drug addiction. Again, the PSI report provides support for this finding. The report indicates that defendant denied ever using any type of controlled substances, yet has numerous drug-related convictions. In addition, the PSI report states that "[a]ccording to APA microfiche, [defendant] had a serious drug addiction. While under supervision, he tested positive for cocaine and opiates." Because it is clear from our review of the record that these were the reasons the trial court found to support its finding that defendant was not amenable to community control sanctions, we cannot find that the court's imposition of a prison term was contrary to law.
For the foregoing reasons, we sustain in part and overrule in part defendant's sole assignment of error. Accordingly, the judgment of the Franklin County Court of Common Pleas is affirmed with regard to the imposition of prison terms but reversed with regard to the imposition of consecutive terms. Accordingly, the case is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment affirmed in part, reversed in part, and cause remanded.
BYRANT, P.J., and TYACK, J., concur.